IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| STEVEN J. RUBENSTEIN, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | Civil Action No. 1:19-cv-189 |
| | ) | |
| v. | ) | Judge Mattice |
| | ) | |
| THE UNIVERSITY OF TENNESSEE, | ) | Magistrate Judge Lee |
|    et al. | ) | |
| | ) | |
|    *Defendants.* | ) | |

**MEMORANDUM IN SUPPORT OF THE UNIVERSITY OF TENNESSEE'S
MOTION TO DISMISS**

Plaintiff's Complaint is the second action Plaintiff has filed against Defendant The University of Tennessee (the "University") in this Court.[1] The Court dismissed Plaintiff's prior related action, No. 16-CV-475, on October 25, 2017, on the grounds that Plaintiff failed to comply with the pleading standard of Federal Rule of Civil Procedure 8(a). The current Complaint should be dismissed for the same reason. The allegations cannot be interpreted to state a cognizable claim, much less provide the University notice of any claims that would enable

---

[1] The caption to the Complaint includes a list of five current and former University officials, whom Plaintiff names in their "Official Capacities Only." Plaintiff's summons was issued to "UT, Named Officials in Their Official Capacities Only." Because the University officials are named solely in their official capacities, this suit is treated as a suit against the entity, which is the University. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). The University requests that the Court dismiss all claims, regardless of whether Plaintiff casts them as claims against the University or against the University officials.

the University to answer the Complaint or prepare for trial. In short, Plaintiff's Complaint is incomprehensible.

## LEGAL ARUGMENT AND CITATION TO AUTHORITY

The U.S. Supreme Court has confirmed that Federal Rule of Civil Procedure 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require a plaintiff to set forth detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At a minimum, Rule 8(a) requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is not a challenge to the plaintiff's factual allegations, but a "test of the plaintiff's cause of action as stated in the complaint." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

*Pro se* plaintiffs are treated to less stringent pleading standards and liberal construction, but "they are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A *pro se* plaintiff still must meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "[L]iberal construction requires some active interpretation of the filings of a *pro se* litigant," but it "does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Wells*, 891 F.2d at 594).

In this case, the Complaint completely fails to comply with Rule 8(a) and fails to state a claim upon which relief may be granted. The Complaint is so unintelligible and nonsensical that, even given liberal construction, the University is unable to determine the allegations asserted against it by Plaintiff. For example, the Complaint alludes to constitutional claims against the University, apparently for prior restraint and violation of due process. [Doc. 1, pp. 24-25.] The University cannot tell what University action or policy Plaintiff alleges was a "prior restraint" or how and when the University violated any of his due process rights.

Moreover, Federal Rule of Civil Procedure 10(b) states that claims must be made in numbered paragraphs, each limited as far as practicable to a statement of a single set of circumstances. The Complaint has no numbered paragraphs. It contains no specific counts or causes of action. It would be impossible for the University to answer the Complaint.

Given the Complaint's complete failure to comply with federal pleading standards, and its incomprehensible nature, dismissal is appropriate. *See, e.g.*, *Eisenstein v. Ebsworth*, 148 F. App'x 75, 78 (3d Cir. 2005) (affirming district court's dismissal of complaint that was "incomprehensible and failed to succinctly set forth the factual basis for the claims and the legal cause of action on which the claims were based"); *Hardy v. Lawrence Cty. Court of Common Pleas*, No. 1: 15-CV-373, 2015 WL 6964680, at *3 (S.D. Ohio Nov. 10, 2015) (dismissing complaint under Rule 12(b)(6) where allegations were "rambling, unintelligible and defy comprehension," making it "impossible to discern the factual basis for plaintiff's claim"); *Jenkins v. Orchards Children's Servs.*, No. 11-13356, 2012 WL 3639116, at *5 (E.D. Mich. May 18, 2012), *report and recommendation adopted*, No. 11-CV-13356, 2012 WL 3647071 (E.D. Mich. Aug. 23, 2012) ("despite plaintiff's *pro se* status, given the incomprehensible nature of plaintiff's complaint, the undersigned concludes that dismissal of all claims is appropriate").

## CONCLUSION

For the foregoing reasons, the University requests that the Court dismiss Plaintiff's claims.

Respectfully submitted this 19th day of July, 2019.

>*/s/ Rachel K. Powell*
>
>Rachel K. Powell, BPR #30467
>Assistant General Counsel
>The University of Tennessee
>719 Andy Holt Tower
>Knoxville, TN 37996-0170
>Phone: (865) 974-3245
>Fax: (865) 974-0100
>Email: rpowell@tennessee.edu
>
>Attorney for The University of Tennessee

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The parties listed below will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

>Steven J. Rubenstein, Plaintiff *pro se*
>502 River Street
>Chattanooga, TN 37405

>*/s/ Rachel K. Powell*
>Rachel K. Powell