UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| STEVEN RUBENSTEIN<br>*Plaintiff*,<br><br>v.<br><br>THE UNIVERSITY OF<br>TENNESSEE, *et al.*,<br><br>*Defendants*. | Case No. 1:19-cv-189<br><br>Judge Mattice |

**DEFENDANTS AMERICAN ACADEMY OF ACTUARIES AND STEVEN SALKY'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

**Introduction**

This Court has already dismissed a complaint raising virtually the same claims that Plaintiff Steven Rubenstein raises here against the American Academy of Actuaries ("Academy") and its attorney, Steven Salky. In that prior order of dismissal, dated October 25, 2017, this Court determined that another of Plaintiff's complaints failed to properly name the Academy and failed to state a plausible claim for relief against any properly named defendant, including Mr. Salky. In that same order, this Court also denied Plaintiff's motions for leave to file second and third amended complaints. *See* Order, *Rubenstein v. University of Tennessee*, No. 1:16-cv-00475 (E.D. Tenn. Oct. 25, 2017) (Doc. 45) (Mattice, J.) [hereinafter, "October 2017 Order"].

Despite this Court's October 2017 Order, Plaintiff has filed a Complaint, Doc. 1, in which he explicitly admits that "[T]he only intended substantive differences of this complaint from the No. 1:16-cv-00475 First Amended Complaint [Doc. 9] ("Complaint") are: (a) this one adds the Academy and the Society proper as defendants . . . ; and (b) this one additionally

encompasses the Defendants' behavior in responding to Case No. 1:16-cv-00475."[1] Complaint, Doc. 1, at 8. This Court has noted that this new action should be related to the one that was dismissed in October 2017. *See* Doc. 4. As explained below, this newly filed complaint both fails to state a claim for relief and is barred by the doctrine of <u>res judicata</u>.

## **Legal Argument**

Defendants first move to dismiss this new Complaint on the same grounds that this Court previously dismissed Plaintiff's claims against Mr. Salky: that the claims fail to state any valid basis for relief under the federal rules.[2]

Although *pro se* litigants are given some leniency from the pleading standards of the federal rules, those rules demand, as this Court noted in its October 2017 Order, "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Order at 1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As the Court previously noted, "Rule 8(a) requires the plaintiff 'to give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Id.* at 1-2 (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's new complaint, although shorter than his previously dismissed one, fails to contain allegations tied to legal claims that "raise a right to relief above the speculative level . . . ." *Ass'n of*

---

[1] Plaintiff does not clearly allege or identify any improper conduct in which Defendants engaged in responding to the complaint that was dismissed by the October 2017 Order. Moreover, in his new complaint, Plaintiff further admits that he has sought relief against the Academy (and the Society of Actuaries) for the same basic causes of action in a case styled Rubenstein v. American Academy ofActuaries, No. 3:18-cv-00170, in the Eastern District of Arkansas. *See* Complaint at 9.

[2] In Case No. 1:16-cv-475, Plaintiff, despite never properly serving the Academy, attempted to sue it under the name "Academy of Cowards," resulting in this Court's Order dismissing the claims against the Academy as not a party to the suit. *See* Order at 4. In this new complaint, Plaintiff has now attempted to name Mr. Salky as "Academy Cowards." *See* Complaint at 1. For the same reasons that this Court previously dismissed Plaintiff's previously attempted claims against the Academy, it should now dismiss Plaintiff's attempted claims against Mr. Salky, on the basis that Mr. Salky is not properly a party in the case. Finally, Mr. Salky was not properly served in this case: Plaintiff appears to have attempted to have served Mr. Salky by serving papers on another partner at his law firm. But Salky never authorized service through that partner. Regardless, Mr. Salky does not seek dismissal based on the deficient service, especially in light of the clear merits-based flaws in Plaintiff's complaint.

*Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F. 3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Rather, in this complaint, like all the previous ones, Plaintiff simply repeats the same confused litany of perceived slights caused by Defendants without connecting any of them to actual violations of the law. Thus, the claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Defendants also move to dismiss this complaint on the ground that this Court's October 2017 Order is res judicata. "A prior [Rule] 12(b)(6) dismissal for failure to state a claim upon which relief may be granted operates as an adjudication on the merits for issue and claim preclusion purposes." *Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001).[3] This is because "[t]he law does not allow [a plaintiff] the luxury of returning to federal court with the same set of facts until he succeeds in alleging federal cause of action." *Begala v. PNC Bank, Ohio Nat. Ass'n,* 214 F.3d 776, 779-80, (6th Cir. 2000). This rule is important to provide finality, conserve resources, and bar plaintiffs from continually bringing repetitive complaints at "vast expense to opposing parties and at heavy burden to resource-strapped-courts . . . until they come up with a combination that sticks." *Polk v. Sears, Roebuck, & Co.*, No. 11-0725, 2012 WL 1640708, at *5 (S.D. Ala. May 8, 2012).

Plaintiff's Complaint in this case, by his own admission, is based on the same facts and purports to assert the same claims as the case he previously field in this Court in Case No. 1:16-cv-00475 and dismissed for failure to state a claim under Rule 12(b)(6). Complaint at 8. The Court's previous Rule 12(b)(6) dismissal of that case in its entirety was a judgment on the merits of his complaint against Mr. Salky and the res judicata effect of that judgement applies to Mr.

---

[3] *See also, e.g., Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 & n.3 (1981) (finding that a dismissal under Rule 12(b)(6) for "failure to state a claim" constitutes a "judgment on the merits" for res judicata purposes); *Morgan Stanley Smith Barney, LLC v. Verble*, No. 3:17-CV-175-TAV-CCS, 2017 WL 3261767, at *4 (E.D. Tenn. July 31, 2017) (same).

Salky and the Academy, for whom Mr. Salky acted as its agent and attorney.[4] Thus, even assuming Plaintiff has improved his prior complaint with more sensible and understandable allegations, his new version is barred by the doctrine of res judicata. Plaintiff has had multiple prior opportunities to try to present a viable claim; this Court's prior ruling that he failed to do so ends the matter.

This case is simply another example of Plaintiff's history of abusing the court process by filing multiple frivolous claims against the Academy and Mr. Salky. Especially where this Court has previously denied Plaintiff leave to amend his prior complaint in Case No. 1:16-cv-00475, the filing of this new complaint is clearly brought in bad faith, for the sole purpose of harassing and prejudicing the Academy and Mr. Salky. It is time for the Court to admonish Plaintiff and make clear that it will impose the costs and attorney's fees incurred by the Defendants in responding to any new filings.

---

[4] As this Court observed, in his prior suit, the Academy was not a party to the action, as Plaintiff intentionally misnamed the Academy as the "Academy Cowards" in the caption of his complaint. *See* October 2017 Order at 4 n.1. But the prior dismissal under Rule 12(b)(6) as against Mr. Salky also has res judicata effect for the Academy, given that Plaintiff has alleged harm caused by the Academy, with Mr. Salky as its attorney and agent. There should accordingly be no question that the Academy would have been vicariously liable for actions he undertook and was in privity with the Academy for purposes of res judicata. *See, e.g., Wayne Cty. Hosp., Inc. v. Jakobson*, 567 F. App'x 314, 319 (6th Cir. 2014) (noting that if two defendants have "a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, . . . [a] judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct [absent circumstances not at issue here]" and holding that such a principle precludes liability against a hospital for torts committed by a doctor if the plaintiff brought a prior suit against the doctor and lost) (quoting Restatement (Second) of Judgments § 51 (1982)); *see also In re Regions Morgan Keegan Sec., Derivative & Erisa Litig.*, 166 F. Supp. 3d 948, 963 (W.D. Tenn. 2014) (explaining that "privity is met when parties stand in an employer-employee relationship, a principal-agent relationship, or an attorney-client relationship").

## **Conclusion**

For the foregoing reasons, the Academy requests that the Court dismiss this Complaint with prejudice and admonish Plaintiff.

Respectfully submitted,

/s/ Dermot Lynch
Dermot Lynch (motion for admission *pro hac vice* pending)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036-5807
Telephone: (202) 778-1800
Fax: (202) 822-8106
dlynch@zuckerman.com

*Counsel for American Academy of Actuaries and Steven Salky*