| sjrubenstein@me.com | *Steven J. Rubenstein* | 423-580-4610 |
| 502 River Street | | Chattanooga, TN 37405 |

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, CHATTANOOGA DIVISION

**FILED OCT 07 2019**
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

Steven Rubenstein ("Rubenstein"), )
PLAINTIFF )
v. )
1. **University of Tennessee** ("UT"— )
Named Officials, Official Capacity Only:
   a. Matthew Scoggins, General Counsel,
   b. Katrice Morgan, ALJ,
   c. Wayne Davis, Interim Chancellor, UTK,
   d. Linda Martin, VP, Academic Affairs,
   e. Mark Whorton, ED, UTSI);
2. **Academy Cowards** ("Cowards"—
Steve Salky and Co-Conspirators);
3. **Defendants 1 and 2 in Collusion**;
4. **American Academy of Actuaries** ("Academy");
5. **Society of Actuaries** ("Society"),
DEFENDANTS

Civil Action No. 1:19-CV-00189

Judge Mattice

Magistrate Judge Lee

PLAINTIFF'S (E.D. TENN. L. R. 7.1(d)) SURREPLY REGARDING DEVELOPMENTS—
PARTICULARLY, SETTLEMENT AND DISCOVERY—
SINCE FILING HIS OPPOSITION TO THE DEFENDANTS MOTION TO DISMISS [DOC. 27]

Plaintiff Steven Rubenstein ("Rubenstein") had become so set on being heard among the Defendants' continued claims of his raising no valid dispute—which he believes he finally and factually lifted beyond doubt in his Opposition to the Defendants' Motions to Dismiss [Doc. 27]—that he, unfortunately, fell into misstep regarding interim developments, notably, settlement and discovery.

As for "settlement, all Rubenstein ever cared to do was to talk this out. But that can go only so far. First, UT General Counsel Matthew

Scoggins had not been willing to give Rubenstein the time of day, so to speak. (See, for instance, the 03 Apr 2014 entry in "The Defendants Have Been Obstructing Remedy Since 2012"—which is both at the end of Plaintiff's Motion for Relief from Dismissal of No. 1:16-cv-00475 [Doc. 46] and at the end of III. Statement of Claim, D. Facts of his Complaint [Doc. 1] of No. 1:19-cv-00189—instructing then UT, Knoxville Chancellor Cheek, "There is no need for you to respond to this"). Then, those whom Rubenstein can identify only as the Academy Cowards still seem bent on purging him entirely from the actuarial profession without cause or semblance of an unbiased hearing. If the fact that he had not yet filed his Opposition [Doc. 27] to the Motions to Dismiss somehow excused the Defendants offering, in their combined Motion for Stay of 26(f) Report and Discovery [Doc. 24], their untruthful ground,

> that (as with the numerous prior iterations of the complaints he has filed in this and other courts), this latest pleading also fails to state a basis upon which relief can be granted

Counsel for the actuarial Defendants, even after Rubenstein filed his Opposition [Doc. 27], still states that

> Plaintiff has filed an Opposition to that Motion that fails to respond to the merits of Defendants' arguments for dismiss.

But contrary fact is (1) exhibited in the table of contents of Rubenstein's First Amended Complaint (Doc. 9, p. 2) in No. 1:16-cv-00475:

| TABLE of CONTENTS | page |
|---|---|
| I. CAUSES of ACTION | 56 |
|   B. Against DEFENDANTS the ACADEMY COWARDS (As ACs) | 87 |
|     ...Preliminaries: Attorney-Client Privilege Exceptions: Continuing Violations............ | 88 |
|     1. Wrongful Expulsion, Breaching Contract | 91 |

(2) articulated on the first page under D) ISSUES THE ACADEMY COWARDS PRESENT, of his MEMORANDUM in OPPOSITION to the DEFENDANTS' MOTION to DISMISS that complaint [Doc. 31, p. 28]:

> 1) **The Academy Cowards' goal in this matter** is <u>to continue denying Plaintiff Rubenstein meaningful access to the courts</u> until applicable time limits run so that they can make permanent their illegal expulsion of him from the American Academy of Actuaries and from the Society of Actuaries....;

(3) indicated under 2. Main (but Not Only) Claim against the Cowards: *Contract Breach* (page 13) of his Motion for Relief from Dismissal [Doc. 46]:

> *Rubenstein accordingly seeks, first, against the Cowards that his expulsions be found null and void, as not in accord with law.* (Doc. 9-1, page 69 points to Academy and Society bylaws and other information.);

and, finally, (4) stated within scheme on pages 26-27 of his Opposition to the Motions to Dismiss No. 1:19-cv-00189 [Doc. 31, pp. 26-26]:

> 1. In a nutshell, the *unbelievability* (not even considering Fed. R. Civ. P. 11(b)) that Duval could have missed that Rubenstein *did* "state a claim"—centering on *the Academy Cowards illegally expelling him from the Academy and the Society*

*without cause or process*, especially considering that they had had AUSA Perry Piper falsely prosecute him in trying—can lead to only *one* conclusion: she calculatedly *defrauded the Court* into granting her Fed. R. Civ. P. 12(b)(6) motion (as dissected on pages 15-21 of Rubenstein's Motion for Relief from Dismissal of No. 1:16-cv-00475 [Doc. 46, p. 15-21]) precisely because it would be deemed *"on the merits"* and thereby *preclude judicial review, which she knew the expulsions could not withstand*!

Rubenstein compares his, meanwhile, attitude throughout this by the example of his 29 Dec 2014 email to Howard Phillips, the Actuarial Board for Counseling and Discipline's "investigator" in his case, attached as **Exhibit 1c**. Central is its statement:

> As recently as two weekends ago I emailed Wildsmith and Uccello (whom I knew somewhat, too) yet again, just to drop this, and I'd drop the lawsuit.

[Doc. 9-7, p. 111].

As for "discovery," Rubenstein believes that both sets of Defendants know of his—in preparing for the wall he knew he would continue to have to surmount—having laid out at least anything he could think of, in his first amended complaint [Doc. 9] and what became its eight exhibits [Docs. 9-1 – 9-8]. (Exhibits 2 [Doc. 46-2] and 3 [Doc. 46-3] to his Motion for Relief from Dismissal [Doc. 46] update this somewhat.) The only additional helpful information that Rubenstein can think of would

amount to "admissions" themselves—which, however, he believes the above-named evidence renders unnecessary.

While Rubenstein does not claim that his lateness in responding can be totally excused, Counsel for the actuarial defendants knows well that they simultaneously push in kind on related litigation which regards the libel solely, and which Rubenstein aims to consolidate with this.

Finally, Rubenstein cannot locate the "ad hominem" attacks which Counsel for the actuarial Defendants, in the footnote of his Reply in Support of Motion to Dismiss [Doc. 30], attributes to him. Rather, any and all such facts that Rubenstein has stated have been, again, stated under penalty of perjury—in which he invites the Defendants to join.

Respectfully submitted on
*October 7, 2019*
Date

*Steven Rubenstein*
Steven J. Rubenstein
502 River Street
Chattanooga, TN 37405
sjrubenstein@me.com
423-580-4610

Subject: Peace
From: Steven Rubenstein <SJRubenstein@me.com>
Date: 12/29/2014 12:26 AM
To: Howard Phillips <hmphesh@aol.com>

Howard,

The phrasing of this email will not be good. I simply don't have time to "tidy up" anything, for still so desperately trying to catch up from what these people (the ones you wrote the report for) have done to my life.

Whether you are aware or not, they are merely using your "report" as part of their fraud they have been running against me for more than two years now, for which reason, I have barely glanced at it.

The reason I couldn't talk to you then is because, what they are doing is harassing me! So, though, presumably you're being duped, too, I just couldn't take anymore. In fact, for awhile now, when I'd think of your involvement, I'd want to "apologize" for their wastiing your time, too.

Tom Wildsmith used to be, perhaps, the nicest person I knew. That "they" (precisely who, will not reveal their identities) pulled him into it says too much. (!)

As they know, I have my hands full with what the University of Tennessee (which was "my" university) pulled on me, and, as recently as two weekends ago I emailed Wildsmith and Uccello (whom I knew somewhat, too) yet again, just to drop this, and I'd drop the lawsuit. But it seems they think they're invincible! All they're going to do is bring everyone else down, though. They have defrauded four different governmental units against me, and I'm determined, that's not going to happen again!

(To end this note, (as they know), I have somewhat a bad nervous system, with the result that, if I (or when) I see a response from you, I will "freak out" about opening it.)

Happy New Year -- to better times ahead,

Steve Rubenstein

P.S. According to Google Maps, Delray Beach is a 30-minute drive from where my maternal grandparents retired, in the 1960s: Riviera Beach, on Singer Island.



CA No. 1:19-CV-00189
Exhibit 1C
(1 page)

sjrubenstein@me.com       Steven J. Rubenstein       423-580-4610
- 109 -

Case 1:16-cv-00475-HSM-SKL Document 9-7 Filed 04/27/17 Page 111 of 240 PageID #:
Case 1:19-cv-00189-HSM-SKL Document 31-2 Filed 10/07/19 Page 6 of 6 PageID #: 164
4025